An UNNAMED ATTORNEY, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2008-SC-000728-KB.

Supreme Court of Kentucky.

Nov. 26, 2008.

## OPINION AND ORDER

Movant, An Unnamed Attorney, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceeding against him (KBA File No. 15921) by imposing a private reprimand with conditions. The Kentucky Bar Association (KBA) states that it has no objection to the motion. For the following reasons, the motion is granted.

### I. Background

The unnamed attorney's prior discipline in the Commonwealth of Kentucky consists of a private admonition imposed on June 18, 1997.

Movant represented Jane Smith[1] in a divorce case. During the course of the representation, on July 10, 2007, Movant entered into a mortgage with Mrs. Smith. The mortgage was for a debt of $3,000 and was secured by the house Mrs. Smith owned with her husband. Movant did not tell Mrs. Smith that she should seek the advice of independent counsel before entering into the mortgage. Movant specifically advised Mrs. Smith that she should not tell her husband about the mortgage. She followed this advice. Movant never disclosed the existence of the mortgage to Mr. Smith either.

On August 17, 2007, Mrs. Smith and her husband entered into a property settlement agreement in the divorce action. (Mr. Smith was not represented by counsel in negotiating the agreement.) Under the agreement, Mrs. Smith waived any and all

---

1. The name of the party has been changed to protect the anonymity of the attorney being reprimanded privately. Though the reprimand is private and only the attorney himself should know this case is about him, the Court feels other members of the bar will benefit from a published opinion condemning Movant's actions.

interest in the marital home. The agreement also provided that the husband would be responsible for any debts secured by the property. On August 23, 2007, the Woodford Circuit Court signed the decree of dissolution, which the clerk entered on August 27.

Movant filed the mortgage with the Woodford County Clerk on August 24, 2007—a full week after the property settlement agreement was entered and a day after the circuit court signed the divorce decree.

Mr. Smith subsequently discovered the mortgage and hired an attorney, at a charge of $300.00, to seek to have the mortgage released. The attorney was successful in obtaining a release from Movant. The release was filed with the county clerk on October 4, 2007.

Mr. Smith filed a bar complaint against Movant on November 19, 2007.

The Inquiry Commission issued a three-count Charge based on the forgoing behavior. Count I of the charge alleged that Movant violated SCR 3.130–1.8(a) when he entered into the mortgage agreement with his client without giving her an opportunity to consult with independent counsel.[2] Count II of the Charge alleged that Movant violated SCR 3.130–4.4 by advising his client not to tell her husband about the mortgage, negotiating with the husband to give him responsibility for debt on the

house, and filed the mortgage after completing the negotiation, knowing that the husband would likely be responsible for the debt under the property settlement agreement.[3] Count III of the Charge alleged that Movant violated SCR 3.130–8.3(c) for the same behavior giving rise to Count II.[4]

Movant has reimbursed Mr. Smith for the $300.00 he had to pay to his attorney to negotiate the release of the mortgage.

## II. Analysis

In his current motion, Movant admits that his conduct as described in the Charge violated the requirements of SCR 3.130–1.8(a), SCR 3.130–4.4, and SCR 3.130–8.3(c). He also agrees to the imposition of discipline and requests a private reprimand with certain conditions.

The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed. . . ." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant. Nevertheless, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to

---

2. SCR 3.130–1.8(a) provides, "A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless: (1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client; (2) The client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and (3) The client consents in writing thereto."

3. SCR 3.130–4.4 provides, "In representing a client, a lawyer shall not knowingly use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or knowingly use methods of obtaining evidence that violate the legal rights of such a person."

4. SCR 3.130–8.3(c) states, "It is professional misconduct for a lawyer to . . . [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation. . . ."

by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.*

This Court concludes that the discipline proposed by Movant is adequate. The Court hereby approves it and therefore declines further review of the matter.

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, an unnamed attorney, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is privately reprimanded for those violations.

2. Movant must attend the entire Ethics and Professional Enhancement Program to be offered by the Office of Bar Counsel in April 2009. Movant will not apply for CLE credit of any kind for his attendance at the Ethics and Professional Enhancement Program, and is required to furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education, in order to allow the Office of Bar Counsel to verify that Movant has not reported any hours to the CLE Commission that are taken as remedial education.

3. If Movant fails to comply with any of the terms of discipline set forth herein, the Office of Bar Counsel may move the Court to convert the private reprimand to a public reprimand.

4. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $32.88, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 26, 2008.

/s/   John D. Minton, Jr.
Chief Justice